UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| VINCENT T. HINOTE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | 2:19-cv-00204-JAW |
| v. | ) | |
| | ) | |
| SCOTT JORDAN, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff, an inmate in the Cumberland County Jail, alleges Defendants, members of the Cumberland County Sheriff's office, unlawfully disciplined him and otherwise violated his constitutional rights. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 5), which application the Court granted. (ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to a review "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of the complaint, I recommend the Court dismiss Plaintiff's claims, except for Plaintiff's claim that he was denied adequate nutrition during his time in administrative segregation.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff is currently incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto*

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS[1]

According to Plaintiff, when he was booked into the Cumberland County Jail on April 7, 2019, he informed Defendant Jordan that although he was being booked into the jail under the name "Jonathon Lee Hinote," he had legally changed his name to "Vincent T. Hinote" in August 2018. (Complaint at 3.) Plaintiff was then fingerprinted and held in lockdown until the FBI could confirm his identity. (*Id*.)

Defendant Jordan subsequently charged Plaintiff with forgery and put Plaintiff in administrative segregation pending a hearing before the jail's disciplinary board. (Complaint at 4.) Plaintiff alleges that he was held in segregation for 15 days, and during that time was "denied access to the courts, law library, and made to eat food trays consisting of only one piece of bread and clear water." (*Id*.) Plaintiff was found guilty by the

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

3

disciplinary board and served 15 days in maximum security. Plaintiff contends that Defendant Joyce, the Sheriff of Cumberland County, oversaw and "rubberstamped" the violation of his rights. (*Id.*)

## DISCUSSION

In his complaint, Plaintiff alleges that (1) Defendants retaliated against him for exercising his First Amendment rights; (2) he was unfairly disciplined; (3) he was denied adequate nutrition while in administrative segregation; and (4) he was denied access to the courts while in administrative segregation.

### 1. First Amendment retaliation

A claim for deprivation of First Amendment rights is actionable under 42 U.S.C. § 1983, "against those who, acting under color of state law, violated federal law." *Kuperman v. Wrenn*, 645 F.3d 69, 74 (1st Cir. 2011). Prison officials can violate the First Amendment if they retaliate against an inmate based on the inmate's participation in protected activity. To state a claim of First Amendment retaliation, an inmate must allege (1) that the inmate engaged in conduct protected by the First Amendment; (2) that the defendant took adverse action against the inmate because of the protected conduct; and (3) that the adverse action was more than de minimis, i.e., was sufficient to deter an inmate of ordinary firmness from exercising his or her first amendment rights. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011); *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999). "Because prisoner retaliation claims are 'easily fabricated [ ] and ... pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration,' courts must insist that such claims are bound up in facts, not in the

gossamer strands of speculation and surmise." *Hannon*, 645 F.3d at 48 (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)).

Here, Plaintiff has failed to assert that he engaged in a protected activity for which he was punished. Plaintiff's statement to Defendant Jordan at booking that Plaintiff had legally changed his name, without more, is not the type of conduct that is considered protected activity. *See, e.g., Hannon*, 645 F.3d at 48 (prisoner's filing of grievances and legal actions is protected activity); *Inman v. Austin*, 2015 WL 7770826, 2:15-cv-00267-JAW, at *4 & n.6 (D. Me. Aug. 24, 2015) (prisoner's letter writing, seeking aid from outside authorities, is protected activity). *See also Ayer v. Pike*, 2011 WL 3654411, No. 1:10-cv-00414-DBH, at *9 (D. Me. Aug. 18, 2011) (neither request for medical treatment nor potential complaint about tainted food, absent evidence of grievance filing or seeking aid from outside authorities, is sufficient to satisfy first prong of *Hannon* factors). Plaintiff, therefore, has not stated an actionable claim for retaliation.

### 2. Denial of due process

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The analysis of a due process claim includes two issues. A court first considers "whether there exists a liberty or property interest of which a person has been deprived," and if so, it then considers "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "[T]he processes required by the Clause with respect to the termination of a protected interest will vary depending upon the importance attached to the interest and the particular

circumstances under which the deprivation may occur." *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 320 (1985).

"[W]hile persons imprisoned for crime enjoy many protections of the Constitution, it is also clear that imprisonment carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). To raise a due process concern over a deprivation of liberty, a prisoner's complaint must describe an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that prisoner placed in segregation for 30 days did not experience "a major disruption in his environment").

In *Wilkinson v. Austin*, the Supreme Court explained:

> After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves "in relation to the ordinary incidents of prison life." *Id*., at 484, 115 S. Ct. 2293.
>
> Applying this refined inquiry, *Sandin* found no liberty interest protecting against a 30-day assignment to segregated confinement because it did not "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Id*., at 485, 115 S. Ct. 2293. We noted, for example, that inmates in the general population experienced "significant amounts of 'lockdown time'" and that the degree of confinement in disciplinary segregation was not excessive. *Id*., at 486, 115 S. Ct. 2293. We did not find, moreover, the short duration of segregation to work a major disruption in the inmate's environment. *Ibid.*

545 U.S. 209, 223 (2005).

As an inmate in a county jail, Plaintiff's liberty interest is limited to avoiding conditions of confinement that impose an "atypical and significant hardship … in relation

to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Where the deprivation of liberty does not rise to that level, the mere violation of prison procedural policies by prison officials does not give rise to a constitutional violation. *Id.*

Plaintiff appears to allege Defendants deprived him of due process by falsely accusing him of, and disciplining him for, forgery. As the result of the disciplinary process, Plaintiff was placed in administrative segregation for 15 days and, as punishment following the disciplinary hearing, in maximum security for an additional 15 days. Plaintiff's allegations would not support a finding of an atypical and significant hardship as contemplated by *Wilkinson* and *Sandin*.[2] Plaintiff has thus failed to allege sufficient facts to support a claim based on the loss of a liberty interest protected by the Due Process Clause.

3. **Adequacy of meals**

Plaintiff's claim regarding the adequacy of the meals he received for 15 days during administrative segregation is assessed under the Eighth Amendment Cruel and Unusual Punishments Clause. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "Undue suffering,

---

[2] "[A] prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Williams v. Lindamood*, 526 Fed. App'x 559, 563 (6th Cir. 2013) (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Therefore, unless his classification resulted in an "atypical and significant hardship … in relation to the ordinary incidents of prison life," Plaintiff does not have an actionable claim based on any alleged procedural irregularities or misapplication of state law classification standards. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, as noted above, Plaintiff has alleged no facts that reasonably could be characterized as an "atypical and significant hardship."

7

unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Under the Eighth Amendment, prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Conditions that might be deemed cruel and unusual if they were permanent features of a prisoner's life, may not offend the Constitution if they are imposed only temporarily." *Cookish v. Commissioner, N.H. Dep't of Corr.*, 980 F.2d 721 (1st Cir. 1992).

> As explained by the Western District of New York:
>
> The Eighth Amendment "require[s] that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and wellbeing of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983). "While no court has held that denial of food is a per se violation of a prisoner's Eighth Amendment rights, under certain circumstances a substantial deprivation ... may well be recognized as being of constitutional dimension." *Id.* (citations omitted). A substantial deprivation of food is one that is sufficient to create a serious danger to the inmate's health. *See*, *e.g.*, *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 213 (N.D.N.Y. 2001) (denying summary judgment of Eighth Amendment claim alleging deprivation of two of three meals per day for eight days); and *Moss v. Ward*, 450 F. Supp. 591, 596 – 97 (W.D.N.Y. 1978) (holding denial of all food for four days as punishment for breaking a prison disciplinary rule violated Eighth Amendment).

*Jean-Laurent v. Los*, No. 1:12-CV-00132, 2015 WL 1015383, at *9 (W.D.N.Y. Mar. 9, 2015), appeal dismissed (July 6, 2015). The Seventh Circuit analyzed the issue similarly:

8

> In some circumstances, a prisoner's claim that he was denied food may satisfy the objective element but, as the Seventh Circuit has held, the denial of food is not a per se violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation; *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), app. after remand, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned ... of sufficient food to maintain normal health.").

*Hall v. Sutton*, No. 3:11-CV-00446, 2012 WL 407244, at *5 (S.D. Ill. Feb. 8, 2012) (concluding that providing two meals totaling 1000 calories per day for an entire month met the objectively serious prong of the Farmer standard).

Plaintiff asserts he received food trays "consisting of only one piece of bread and clear water" over the course of his 15-day administrative segregation. (ECF No. 1 at 4.) While Plaintiff has not alleged the frequency with which he was provided meals, nor specifically asserted that the bread and water were the extent of the food he received during his time in administrative segregation, construing the allegations most favorably to Plaintiff at this state of the proceedings, Plaintiff has plausibly alleged that he was denied "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

### 4. Access to court

Prisoners have a right under the United States Constitution to meaningful access to the courts. "The right of access is a discrete, constitutional right, derived from various

9

constitutional sources [including] the due process clause, the privileges and immunities clause, and the First Amendment." *Simmons v. Dickhaut*, 804 F.2d 182, 183 (1st Cir. 1986) (per curiam) (citations omitted). In such cases, the "role of the courts [is] to provide relief to claimants, … who have suffered, or will imminently suffer, actual harm." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In other words, a court's responsibility is to address the claims in which prisoners allege the existence of conditions that have actually denied or will imminently deny "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 351 (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). *See also Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004).

Even if Defendants intentionally deprived Plaintiff access to the courts for the duration of his administrative segregation, insofar as Plaintiff has subsequently filed his complaint and has otherwise not alleged facts to suggest he has been prejudiced by the alleged deprivation, Plaintiff has not asserted an actionable access to court claim.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss all claims asserted by Plaintiff except Plaintiff's claim that he was denied adequate nutrition during his administrative segregation.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of August, 2019.