UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT T. HINOTE, | ) |
| Plaintiff | ) |
| v. | ) 2:19-cv-00204-JAW |
| SCOTT JORDAN, et al., | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION FOR INJUNCTION**

Plaintiff, an inmate at the Cumberland County Jail, asks the Court to order his transfer to another facility due to the harassment and retaliation that he alleges he has experienced at the jail. (Motion, ECF No. 13.) After review of Plaintiff's motion and the record, I recommend the Court deny the motion.

**DISCUSSION**

When evaluating a request for injunctive relief, a court "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 & n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the

remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Plaintiff has presented no record evidence to support his allegations of harassment and retaliation. As explained in the Recommended Decision issued following a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1015A, Plaintiff has not asserted an actionable claim for retaliation. (Recommended Decision, ECF No. 12.) In addition, Plaintiff did not assert a claim for harassment in his complaint. Plaintiff, therefore, has not established that he is likely to prevail on the merits of his claims.

Given the lack of an evidentiary record to support Plaintiff's request for injunctive relief, given that Plaintiff has not alleged facts to sustain a claim for retaliation or harassment, and recognizing that that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration," *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982), Plaintiff is not entitled to injunctive relief.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for injunctive relief.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of September, 2019.