UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

VINCENT T. HINOTE,

        Plaintiff,

vs.

LT. SCOTT JORDAN and KEVIN JOYCE,

        Defendants

Civil No. 19-204-JAW

### **DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

Defendants Scott Jordan and Kevin Joyce, by and through counsel, hereby respond to the Plaintiff's Complaint as follows:

**I.    The Parties to This Complaint**

A.    The Plaintiff(s). The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

B.    The Defendant(s). The Defendants admit that they are named defendants in this lawsuit with contact information as identified in this subparagraph of the Complaint. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

**II.    Basis for Jurisdiction**

1.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

2.     This allegation is stated in support of Plaintiff's First Amendment claim which was dismissed by this court pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a) and therefore, no response is required. To the extent a response is required, the allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

3.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

4.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### III.    Statement of Claim (enumeration continued from preceding section)

5.     The Defendants admit that on April 7, 2019, Plaintiff told Scott Jordan that he was booked under the incorrect name. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

6.      The Defendants deny that Plaintiff told Scott Jordan that he was booked under the name of Jonathon Lee Hinote. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

7.     The Defendants admit that Scott Jordan arranged to have Plaintiff fingerprinted. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

8. The Defendants admit that the Federal Bureau of Investigation verified that Plaintiff's prints belonged to "Jonathon L. Hinote." The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

9. The Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

10. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

11. The Defendants deny that Plaintiff was made to eat food trays consisting of only one piece of bread and clear water. The allegations that Plaintiff was denied access to the courts and law library are stated in support of claims which were dismissed by this court pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a). To the extent a response is necessary, the Defendants are without sufficient information or knowledge to form a belief as to the truth of these allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

12. The Defendants admit that Plaintiff was found guilty of rule violations by the jail's disciplinary board and sentenced to 15 days in the segregation unit. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

13. To the extent this allegation is stated in support of Plaintiff's First Amendment claim which was dismissed by this court pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), no response is required. To the extent this allegation is stated in support of Plaintiff's Eighth Amendment claim or a response is otherwise required, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

14. To the extent this allegation is stated in support of Plaintiff's First Amendment claim which was dismissed by this court pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), no response is required. To the extent this allegation is stated in support of Plaintiff's Eighth Amendment claim or a response is otherwise required, the Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

### IV. Relief

The statements contained in this paragraph of the Plaintiff's Complaint do not constitute allegations of fact to which a response is required. Alternatively, the allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. To the extent a response is required, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### V. Certification and Closing

The statements contained in this paragraph of the Plaintiff's Complaint do not constitute allegations of fact to which a response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

**AFFIRMATIVE DEFENSES**

1. The Defendants have at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S.A. § 8111(1)(C), (D) and (E).

6. The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

8. The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

9. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

10. The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

11. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

12. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

13. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

15. The Defendants reserve the right to demonstrate Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

16. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

17. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

18. The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

19. The Plaintiff's Complaint is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915.

20. The Plaintiff's claims are barred, in whole or in part, by the exhaustion of remedies provisions in 42 U.S.C. § 1997(e).  *Porter v. Nussle*, 534 U.S. 516 (2002).

21. The Plaintiff's claims are barred, in whole or in part, to the extent they are not based upon physical injury.

22. The Plaintiff's Complaint, in whole or in part, fails to state a cognizable claim under the Prison Litigation Reform Act.

22. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

**JURY DEMAND**

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants Scott Jordan and Kevin Joyce demand judgment in their favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 26th day of February, 2020.

                Attorneys for Defendants Lt. Scott Jordan and Kevin Joyce
                MONAGHAN LEAHY, LLP
                95 Exchange Street, P.O. Box 7046
                Portland, ME 04112-7046
                (207) 774-3906
BY:   /s/ Laura A. Maher
        Laura A. Maher

BY:   /s/ John J. Wall, III
        John J. Wall, III

## CERTIFICATE OF SERVICE

     I hereby certify that on February 26, 2020, I electronically filed **Defendants' Answer and Affirmative Defense and Demand for Jury Trial** using the CM/ECF system, which will provide notice to all counsel of record. In addition, I hereby certify that on February 26, 2020, I served Plaintiff Vincent Hinote with a copy of the above-referenced document by first-class mail, postage prepaid, at: Cumberland County Jail, 50 County Way, Portland, ME 04102 and Maine Correctional Center, 17 Mallison Falls Road, Windham, ME 04062.

Dated at Portland, Maine this 26th day of February, 2020.

                Attorneys for Defendants Lt. Scott Jordan and Kevin Joyce
                MONAGHAN LEAHY, LLP
                95 Exchange Street, P.O. Box 7046
                Portland, ME 04112-7046
                (207) 774-3906
BY:   /s/ Laura A. Maher
        Laura A. Maher