UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT T. HINOTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-00204-JAW ) |
| SCOTT JORDAN et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

On May 8, 2019, Vincent T. Hinote filed a complaint against Scott Jordan in his personal capacity and official capacity as a lieutenant at the Cumberland County Sheriff's Office and Kevin Joyce in his official capacity as the sheriff at the Cumberland County Sheriff's Office (Defendants) for unlawfully disciplining him, harassing him, retaliating against him, and violating his constitutional rights. *Compl.* (ECF No. 1). Mr. Hinote filed an application to proceed in forma pauperis, which the Court granted. *Appl. to Proceed Without Prepayment of Fees* (ECF No. 5); *Order Granting Mot. for Leave to Proceed in Forma Pauperis* (ECF No. 7). On August 15, 2019, the Magistrate Judge recommended that this Court dismiss all claims except Mr. Hinote's claim that he was denied adequate nutrition during his time in administrative segregation. *Recommended Decision After Review of Pl.'s Compl. Pursuant to 28 U.S.C. §§ 1915(e), 1915A* (ECF No. 12). Mr. Hinote filed a motion for injunction on August 19, 2019. *Pl.'s Mot. for Inj.* (ECF No. 13). Mr. Hinote filed his objections to the recommended decision on September 3, 2019. *Pl.'s Obj. to Review* (ECF No. 14). On September 5, 2019, the Magistrate Judge recommended that the Court deny Mr. Hinote's motion for injunction. *Recommended Decision on Motion for Injunction* (ECF No. 15). Mr. Hinote did not object to the second recommended decision.

This Court affirmed the Magistrate Judge's recommended decisions denying all but one claim in Mr. Hinote's Complaint and his motion for an injunction on December 16, 2019. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 16); *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 17). On December 26, 2019, the orders affirming the Magistrate Judge's recommended decisions, the service form, and the order for service were returned as undeliverable from Mr. Hinote's address. *Mail* (ECF No. 19). The Court issued summons to Scott Jordan and Kevin Joyce on February 12, 2020. *Summons in a Civil Action as to Kevin Joyce* (ECF No. 20); *id.*, Attach. 1, *Summons in a Civil Action as to Scott Jordan*. On February 24, 2020, notice of the issued summons and service form were returned from Mr. Hinote's address reading "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." *Mail* (ECF No. 24).

The Defendants answered the Complaint on February 26, 2020. *Defs.' Answer to Compl. and Affirmative Defenses and Demand for Jury Trial* (ECF No. 26). The Magistrate Judge issued a scheduling order on February 27, 2020. *Scheduling Order* (ECF No. 27). On March 3, 2020, copies of the scheduling order, notice of change of address, orders affirming the Magistrate Judge's recommended decisions, order for service, recommended decision, and docket sheet sent to Mr. Hinote were returned as undeliverable. *Mail* (ECF No. 28). Mr. Jordan and Mr. Joyce were served on February 26, 2020. *Proof of Service as to Scott Jordan* (ECF No. 29); *Proof of Service as to Kevin Joyce* (ECF No. 30). The proof of service forms mailed to Mr. Hinote were returned as undeliverable on March 13, 2020. *Mail* (ECF No. 31).

The Defendants filed a motion to dismiss for failure to prosecute on June 16, 2020, asking the Court to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[1] *Defs.' Mot. to Dismiss for Failure to Prosecute* (ECF No. 32). The

---

1   Rule 41(b) states:

Defendants filed a notice informing this Court that Mr. Hinote's copy of the motion to dismiss was returned undeliverable. *Notice of Returned Mail* (ECF No. 33). Mr. Hinote was sent a copy of the notice, which also returned as undeliverable on July 14, 2020. *Mail* (ECF No. 34).

As just related, Mr. Hinote has failed to maintain contact with the Court and the Clerk's Office. The last communication the Clerk's Office received from Mr. Hinote was on September 3, 2019, when he filed his objection to the first recommended decision. *See Pl.'s Obj. to Review*. Since then, the Court has been unable to communicate with Mr. Hinote and Mr. Hinote has not communicated with the Court, even though important matters have continued to take place in Mr. Hinote's case. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see Order on Mot. to Dismiss*, *McKenney v. Farrington* at 3, No. 2:16-cv-000630-JAW (D. Me. Oct. 25, 2017), ECF No. 23.

Due to Mr. Hinote's failure to keep this Court apprised of his whereabouts and to otherwise prosecute his claims, the Court GRANTS the Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 32). However, the Court will not dismiss the case with prejudice. The Court does not know why Mr. Hinote has disappeared and views a dismissal with prejudice as unduly punitive absent more information. Therefore, the Court DISMISSES without prejudice Vincent T. Hinote's Complaint (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2020

---

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).